IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Stuckey,<br><br>            PETITIONER<br><br>        v.<br><br>United States of America,<br><br>            RESPONDENT | Crim. No. 4:11-cr-00417-TLW-11<br>C/A No. 4:14-cv-01536-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner David Stuckey. For the reasons stated below, the Court dismisses the petition.

## I.      Factual and Procedural History

Petitioner was indicted in a twelve-defendant, nineteen-count Indictment filed on March 22, 2011. ECF No. 3. The indictment charged him with conspiring to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 280 grams or more of crack cocaine. Attorney Scott Joye was appointed to defend him. ECF No. 154.

On September 9, 2011, Petitioner filed a pro se motion requesting new counsel, which was referred to a magistrate judge for resolution. ECF No. 388. After holding an *in camera* hearing, the magistrate judge terminated Mr. Joye's representation and appointed Attorney Nathaniel Roberson. ECF Nos. 397, 401, 403.

On November 2, 2011, Mr. Roberson filed a motion seeking a mental health evaluation of Petitioner. ECF No. 447. In the motion, Mr. Roberson asserted that Petitioner's "memory, recall, attention and basic understanding is suspect and at times is unexplainable," and also noted that he

1

"had an automobile accident in 1994 or 1995 and had head and face reconstruction surgery." *Id.* at 1. The Court granted the motion. ECF No. 452. The evaluation report noted that he had "limited cognitive ability and minor memory deficits," but that these impairments "do not appear to interfere substantially with his ability to proceed with his defense." ECF No. 577 at 11. The report concluded that "[i]t is the opinion of this evaluator, with a reasonable degree of psychological certainty, [Petitioner] has a rational and factual understanding of the proceedings against him, and he is capable of assisting counsel with his defense." *Id.* at 12.

After the completion of Petitioner's mental health evaluation, the Court held a pretrial conference on March 22, 2012 and set the case for jury selection on May 14, 2012. ECF No. 590.

On March 30, 2012, Mr. Roberson filed a motion to withdraw as counsel, asserting that "the relationship has reached an impasse, it is adversarial, it is counterproductive and the best avenue for the protection of the defendant's constitutional rights cannot be afforded him under these circumstances and conditions." ECF No. 597. The Court held an extensive hearing on the motion and concluded that the circumstances did not require the appointment of new counsel for Petitioner, and the Court therefore denied the motion to withdraw. ECF No. 599.

The Government then filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner that it intended to rely on five prior felony drug convictions to enhance his statutory sentence to mandatory life imprisonment from the 10 years to life imprisonment range that would have applied absent the enhancement. ECF No. 600.

The Court held jury selection on the morning of May 14, 2012. In the early evening that day, after the jury had been empaneled and pretrial motions argued, Petitioner notified the Court that he intended to plead guilty pursuant to a plea agreement. In exchange for a guilty plea to the drug conspiracy count, the Government agreed to withdraw all but one of the § 851 enhancements,

resulting in a statutory sentencing range of 20 years to life imprisonment.  After a thorough Rule 11 colloquy, the Court accepted his guilty plea.  ECF No. 629.

After Petitioner's plea, the U.S. Probation Office prepared an initial Presentence Investigation Report ("Initial PSR"), ECF No. 685, in which Probation concluded that he should be held accountable for 1,192.2 grams of crack cocaine and 1 ounce of cocaine, resulting in a base offense level of 34.  Initial PSR ¶ 66.  Probation also concluded that he should receive a two-level firearm enhancement and that he should not receive a two-level reduction for acceptance of responsibility as a result of his denial of the relevant conduct in the case.  *Id.* ¶¶ 67, 73. Additionally, Probation concluded that he was a career offender based on several prior felony drug convictions.  *Id.* ¶ 72.  As a result, his total offense level was 37.  *Id.* ¶ 75.  His prior criminal record, through a standard calculation of criminal history points, resulted in a criminal history category of III, but because he was classified as a career offender, his criminal history category became VI.  *Id.* ¶¶ 53–54.  As a result, his advisory guideline range was 360 months to life imprisonment.  *Id.* ¶ 104.  Had he not been classified as a career offender, his guideline range would have been 235 to 295 months (TOL 36; CHC III).  *See id.* ¶¶ 53, 71.

On July 9, 2012, two months after his guilty plea, Petitioner filed a pro se motion to withdraw his plea, asserting that he wanted a trial.  ECF No. 683.  The Court denied the motion after a hearing.  ECF No. 715.

Several days after the hearing, Petitioner filed another pro se motion, this time seeking to dismiss the Indictment based on asserted due process violations.  ECF No. 724.

Sentencing was originally scheduled for September 19, 2012.  At the sentencing hearing, the Court first denied his motion to dismiss the Indictment, ECF No. 724.  Then, during the Court's discussion of the guideline calculations, an issue arose regarding his career offender predicate

offenses.  At that point, the Court continued the sentencing hearing to allow for that issue to be resolved and for a revised PSR to be prepared.  ECF No. 733.

The revised PSR, ECF No. 750, held him accountable for the same drug weight, applied the same firearm enhancement, again denied acceptance of responsibility, and again classified him as a career offender.  Revised PSR ¶¶ 66–67, 72–73.  Thus, his guideline range remained 360 months to life imprisonment.  *Id.* ¶ 104.

The Court reconvened the sentencing hearing on December 4, 2012.  ECF No. 759.  At the hearing, Petitioner objected to his 1994 drug convictions being counted as a career offender predicate.  However, after taking testimony and hearing extensive arguments from counsel and Petitioner, the Court concluded that these convictions counted as a career offender predicate and that he was therefore properly classified as a career offender.[1]  The Court ultimately sentenced him at the bottom of the advisory guideline range—360 months imprisonment.  ECF No. 767.

Petitioner filed a direct appeal.  Before the Fourth Circuit, Mr. Roberson moved to withdraw as appellate counsel.  The Fourth Circuit granted his motion and appointed Attorney Nicole Mace, who argued that this Court erred in refusing to allow him to withdraw his guilty plea and in denying Mr. Roberson's prior motion to withdraw.  The Fourth Circuit affirmed, finding no error on either ground.  *United States v. Stuckey*, 540 F. App'x 198, 199–200 (4th Cir. 2013).

After the Fourth Circuit affirmed Petitioner's conviction and sentence, Ms. Mace filed a motion to withdraw as counsel on the grounds that a certiorari petition to the Supreme Court would be frivolous.  The Fourth Circuit granted her motion to withdraw.  He then filed a pro se petition for writ of certiorari, which the Supreme Court denied on January 27, 2014.  *Stuckey v. United States*, 134 S. Ct. 1047 (2014).

---

[1] He did not object to his 2004 convictions counting as the second career offender predicate.

Petitioner timely filed this § 2255 petition on April 16, 2014,[2] asserting that Mr. Roberson and Ms. Mace provided ineffective assistance of counsel.  ECF No. 882 at 3, 6.  He also asserted that his sentence was imposed in violation of the Constitution or laws of the United States.  *Id.* at 9.

Petitioner's only remotely specific allegations against Mr. Roberson in the petition are, verbatim, that he

> did not advise him on the law and rules of subject matter and personal jurisdiction, the process of instituting prosecution in District Court under the circumstances described herein.  His attorney did not advise the Petitioner about available defenses, refused to investigate and file pre-trial motions to challenge and suppress evidence or dismiss the indictment against him altogether.  As a result he negotiated and advise a plea, without first stipulating the scope of the conspiracy or the Petitioner's involvement in furtherance of the conspiracy.  His attorney should not have advised a plea to the threshold drug quantity charged in the indictment against the entire group."

*Id.* at 4–5.

His allegations against Ms. Mace are that she "abandoned the Petitioner, forced him to file a pro se petition for certiorari," and that she "should have continued represent the Petitioner, until the court issued an order relieving them from representation."  *Id.* at 7.

Regarding his sentence, he asserts that the § 851 Information was improper and that he was improperly classified as a career offender.  *Id.* at 10.

The Government filed a response in opposition and motion for summary judgment, and referenced the affidavits filed by Mr. Roberson and Ms. Mace.  ECF Nos. 892, 901, 904, 905.  Petitioner then filed a reply in which he reasserted his arguments set forth in the original petition.  ECF No. 913.

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

On February 26, 2016,[3] Petitioner filed a motion to amend his petition pursuant to Rule 15(c) of the Federal Rules of Civil Procedure to assert an additional ineffective assistance claim against Mr. Roberson.  ECF No. 1027.

On May 3, 2016,[4] Petitioner filed another motion to amend his petition pursuant to Rule 15(c) to assert an additional claim that he was improperly sentenced as a career offender.  ECF No. 1070.

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence.  A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).  "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United*

---

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

[4] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

*States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.    Standard of Review

Petitioner brings this petition pro se.  Courts are required to liberally construe pleadings filed by pro se litigants to allow for the development of potentially meritorious claims.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  These pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.  Only those questions which are squarely presented to a court may properly be addressed."  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.   Discussion

### A.   Ineffective assistance

As noted above, Petitioner asserts ineffective assistance of counsel claims against Mr. Roberson and Ms. Mace.  To prevail on an ineffective assistance claim, Petitioner must show (1) that counsel's acts or omissions fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).  Failure of proof on either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).  There is "a strong presumption that counsel's conduct falls within the wide range of professional assistance," and Petitioner has the burden of overcoming this presumption.  *Strickland*, 466 U.S. at 689.  An ineffective assistance of counsel allegation requires the submission of specific facts in support of the claim.  *See United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).

### 1.   *Mr. Roberson*

Petitioner generally asserts that Mr. Roberson failed to properly advise him and that his plea was therefore invalid because he did not understand the nature of the charge to which he was pleading, and that Mr. Roberson did not thoroughly investigate the case.  There is no merit to these contentions.

As discussed in detail in the factual history set forth above, Petitioner pled guilty on the eve of trial after a great deal of discussion and explanation during the Rule 11 colloquy about the nature of the charges to which he was pleading guilty, in addition to all of the various pre-trial motions and hearings that the Court held.  Petitioner had ample opportunity to consult with his

counsel and ask any questions of the Court that he desired (and he did, in fact, ask a great many questions of the Court). There was no ambiguity about the charge to which he was pleading guilty. Additionally, as was discussed in detail at various hearings, Mr. Roberson thoroughly investigated the case, including hiring an investigator to interview potential witnesses. *See* ECF No. 592. The record lends no support to Petitioner's contentions, causing him to fall well short of *Strickland*'s high bar.

2. ***Ms. Mace***

Petitioner's only allegation against Ms. Mace is that she was ineffective for failing to continue to represent him in his quest to obtain certiorari review from the Supreme Court. There is no merit to this contention. She admirably represented him on direct appeal until the Fourth Circuit terminated her representation after it affirmed his conviction and sentence. As she set forth in her letter to him after the Fourth Circuit issued its opinion, "it [was] her professional judgment that seeking further review from the Supreme Court of the United States is not appropriate." ECF No. 913-1 at 2. She also informed him, in detail, what he would need to do in order to file his own petition. *Id.* at 2–3. There is no merit to his contention that she was ineffective in asking the Fourth Circuit to withdraw from further representation after his appeal was decided against him.

**B.     Sentence**

He also asserts, in conclusory fashion, that the § 851 Information filed by the Government was somehow improper and that he was improperly classified as a career offender. There is no merit to either contention.

Regarding the § 851 Information, ECF No. 600, there was no debate about whether he had these prior felony drug convictions on his record. Furthermore, as part of the plea agreement, the

Government agreed with withdraw all but one of the enhancements, which resulted in his mandatory minimum sentence being reduced to 20 years from life imprisonment, and there is certainly no question that he had at least one prior felony drug conviction. Finally, absent the § 851 Information, his statutory sentencing range would still have been 10 years to life imprisonment. This would have had no effect on his 360-month sentence, which was based on a guideline calculation, not the mandatory minimum.

Regarding his career offender enhancement, as discussed in the factual background section, a question arose at sentencing about the timing of several of his prior convictions, and the Court continued the sentencing to allow that issue to be resolved. After the sentencing resumed, the Court heard testimony from the lead investigator and Petitioner regarding the offenses in question and concluded that they qualified as career offender predicates. He has not set forth any persuasive ground for concluding that he was improperly classified as a career offender. Furthermore, any claims about his sentence could have been raised on direct appeal and are thus procedurally barred. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

### C.    First Motion to Amend

Petitioner filed his first motion to amend on February 26, 2016, which was more than two years after the Supreme Court denied certiorari on his direct appeal, about twenty-two months after he filed his § 2255 petition, and about eighteen months after he filed his reply brief to the Government's motion for summary judgment. ECF No. 1027. In his motion, he seeks to expand his petition to include an assertion that Mr. Roberson was ineffective in failing to move for a downward departure under U.S.S.C. § 5K2.13 based on diminished capacity. *Id.* at 2–3. He asserts that he "suffers from sever migraines, memory lost problems, and a host of other illments, resulting from a sever brain injury sustained in a car accident in 1996 or 1997," and that "had his counsel

10

submitted a motion seeking a downward departure in light of his condition, that it was a strong possibility that his sentence would have been reduced a great deal." *Id.* at 3.

This issue is entirely distinct from the issues raised in the other grounds discussed above. The issues raised above regarding Mr. Roberson only involve his pre-plea preparation and advice to Petitioner, while the new issue involves a sentencing matter wholly unrelated to the issues previously raised.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2255 petitions have a one-year statute of limitations. Petitioner filed his motion well-beyond the statute of limitations and the new claims do not relate back to the original § 2255 petition merely because they are all ineffective assistance claims. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000); *see also United States v. Duffus*, 174 F.3d 333, 337–38 (3d Cir. 1999) ("We reiterate that if the court permitted the amendment [to assert an untimely ineffective assistance claim] it would have acted contrary to the policy of the AEDPA, which requires courts to measure the running of the limitations periods from the date on which the judgment of conviction becomes final."). Accordingly, this motion is **DENIED**.

Furthermore, even if the Court considered his additional claim on the merits, he would not be entitled to relief under *Strickland*'s high bar. The Court was well-aware of Petitioner's mental capacity and asserted limitations, as a result of the Court's careful review of his mental health evaluation and the Court's many lengthy discussions with counsel and Petitioner regarding his capacity to participate in his defense, his decision to plead guilty, and his view of the evidence in the case. Thus, contrary to his assertion, there is not "a strong possibility that his sentence would have been reduced a great deal" had Mr. Roberson filed a downward departure motion. ECF No. 1027 at 3. Accordingly, the Court concludes that, even if it were to grant his motion to amend, he

would not be entitled to relief under *Strickland*.

### D.     Second Motion to Amend

Petitioner filed another motion to amend on May 3, 2016, which was more than twenty-seven months after the Supreme Court denied certiorari on his direct appeal, more than twenty-four months after he filed his § 2255 petition, and about twenty months after he filed his reply brief to the Government's motion for summary judgment.  ECF No. 1070.  In his motion, he seeks to expand his petition to include an assertion that he was improperly classified as a career offender based on his prior drug convictions.  *Id.* at 2–6.

For the reasons set forth above regarding the first motion to amend, the Court concludes that this issue does not relate back to the original § 2255 petition merely because it involves a question about his career offender status.  *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000); *see also United States v. Duffus*, 174 F.3d 333, 337–38 (3d Cir. 1999) ("We reiterate that if the court permitted the amendment it would have acted contrary to the policy of the AEDPA, which requires courts to measure the running of the limitations periods from the date on which the judgment of conviction becomes final.").  Accordingly, this motion is **DENIED**.

Furthermore, even if the Court considered his additional claim on the merits, he would not be entitled to relief as an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255.  *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).[5]

---

[5] To the extent this issue is being raised as an additional claim of ineffective assistance of counsel, the Court concludes that he would not be entitled to relief under *Strickland*'s high bar.

## V.    Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 905, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 882, is **DENIED**. Additionally, his Motions to Amend, ECF Nos. 1027 and 1070, are **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

June 14, 2016
Columbia, South Carolina

13