IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America <br><br> v. <br><br> David Stuckey | Criminal No. 4:11-cr-00417-TLW <br><br> **ORDER** |

This matter is before the Court on Defendant David Stuckey's *pro se* motion for a sentence reduction pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 1209. Stuckey pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of crack cocaine in violation of 21 USC 841, 846, and 851. He was classified as a career offender and sentenced to 360 months imprisonment followed by 10 years of supervised release.

In his motion, Stuckey seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) on grounds that his medical conditions, namely, morbid obesity, make him vulnerable to becoming seriously ill from COVID-19. ECF No. 1209 at 1.

In its response to Stuckey's reduction motion, the Government argues that "Defendant's guidelines range would be the same today as it was in 2012. As a result of Defendant's status as a career offender and resulting offense level of 37 and criminal history category of VI, his guidelines range was and is still 360 months to life." ECF No. 1228 at 3–4. Thus, the Government asserts that Stuckey would be a career offender if sentenced today.

The Court notes, in connection with Stuckey's motion for a reduction in his sentence under § 3582, he states that he "is not a career offender." ECF No. 1209.

Caselaw supports his position that conspiracy is no longer a predicate controlled substance offense for career offender purposes. *See United States v. Whitley*, 737 F. App'x 147, 148 (4th Cir. 2018).

In light of *Whitley*, the Court sought the opinion of the United States Probation Office as to whether Stuckey would be a career offender if he were sentenced today. Ms. Elizabeth Carpenter with the USPO has provided information to the Court that Stuckey would not be a career offender today if he pled to the same conspiracy charges under 21 USC §§ 841 and 846 pursuant to *Whitley*.

Based on Probation's opinion, the Court requests further briefing from the Government on two issues: (1) would Stuckey be a career offender if sentenced today, and (2) if he is not a career offender, would his guideline range "still [be] 360 months to Life" as asserted in the Government's response? The Court requests that the Government file a supplemental brief addressing these two questions within 30 days of this order. Should the Government conclude that Stuckey would not be a career offender if sentenced today and his guidelines sentence is lower than "360 months to life," the Government is to state its position as to whether a reduction in Stuckey's sentence is appropriate.

*s/ Terry L. Wooten*  
Terry L. Wooten  
Senior United States District Judge

March 16, 2023  
Columbia, South Carolina