IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America<br><br>v.<br><br>David Stuckey | Criminal No. 4:11-cr-00417-TLW<br><br>**Order** |
|---|---|

This matter is before the Court on Defendant David Stuckey's ("Defendant") *pro se* motion for a sentence reduction under Title 18, United States Code Section 3582(c)(1)(A)(i)[1]. ECF No. 1209. For the reasons set forth below, his motion is **GRANTED**.

## PROCEDURAL BACKGROUND

On May 14, 2012, Stuckey pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), 846, and 851.[2] ECF Nos. 627, 631. This Court sentenced him to 360 months of imprisonment followed by 10 years of supervised release. ECF No. 786. Stuckey has filed numerous pleadings requesting a sentence reduction under (i) 18 U.S.C. § 3582(c)(1)(A) based on the threat posed by the Covid-19 pandemic, and (ii) Stuckey's position that the First Step Act worked to changed the mandatory minimum sentence he was facing from 20 to 15 years. ECF Nos. 1209, 1217.

4#Wklv#vwdwxwh#lv#frpprqo|#uhihuuhg#wr#dv#³frpsdvvlrqdwh#uhohdvh1´#

5#Dw#vhqwhqflqj#Vwxfnh|#zdv#khog#dffrxqwdeoh#iru#rqh#rxqfh#+5;#judpv,#ri#srzghu#frfdlqh#dqg#414<#nlorjudpv#ri#fudfn#frfdlqh1##

Presently pending before the Court is Stuckey's motion for a reduction in sentence under § 3582(c)(1)(A).[3] ECF No. 1209. § 3582(c)(1)(A) provides for reconsideration of a previously imposed sentence based on changes in the law favorable to a previously sentenced offender. Inequity in sentencing, based on changes in the law, is a basis for relief under § 3582(c)(1)(A). The Government has outlined its position regarding Stuckey's motion along with additional briefing acknowledging that a "sentence reduction may be warranted" and Stuckey has filed additional briefing of his own. ECF Nos. 1211, 1217, 1228, 1244 & 1246. Accordingly, this matter is ripe for review, adjudication, and disposition.[4]

## APPLICABLE LAW

Federal law states, with certain limited exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the Title 18, United States Code Section 3582(c)(1)(A), which permits the sentencing court to reduce a defendant's sentence. A defendant is first require to pursue his request for release with the Bureau of Prisons ("BOP"). *See generally United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023) (outlining the procedure for seeking compassionate release).

Under § 3582(c)(1)(A), a federal district court may only reduce a defendant's

[3] Section 3582(c)(1)(A) of title 18 of the United States Code authorizes a court to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons." The First Step Act of 2018 amended section 3582(c)(1)(A) to allow a defendant to file a motion seeking compassionate release directly in federal court after satisfying an administrative exhaustion requirement.

[4] On December 19, 2023, the Government filed a Request for Briefing Order as both Stuckey and the Government's filings were made prior to the promulgation of U.S.S.G. § 1B1.13 (2023 ex.), which amended certain guidelines related to § 3582(c)(1)(A). ECF No. 1274. Because the Court will apply the pre-amendment standard, the Government's Request for Briefing Order, ECF No. 1272, is moot. The decision in this case would be the same applying either standard.

term of imprisonment if two prerequisite conditions are met. The court first must find that there are "extraordinary and compelling reasons warrant[ing] such a reduction," and second, "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission [.]" § 3582(c)(1)(A). Regarding this second prerequisite, a court imposing a reduced sentence is required to find, at the time it issues its order, that the reduction is consistent with the Commission's *then*-applicable policy statement. *See* § 3553(a)(4)(A)(ii) (instructing courts to apply the version of the Guidelines "in effect on the date the defendant is sentenced"); U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). If these two prerequisites are met, then the court proceeds to consideration of "the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(1)(A)

The history of § 3582(c)(1)(A) warrants discussion. Before 2018, federal courts could consider a request for relief under § 3582(c)(1)(A) only upon the motion of the BOP. *See* 18 U.S.C. § 3582(c)(1)(A) (2012). In addressing the "extraordinary and compelling reasons" and "consistent policy statement" prerequisite conditions for these BOP-filed motions, the United States Sentencing Commission (hereinafter "Sentencing Commission") issued a policy statement in 2006 specifically defining the circumstances constituting "extraordinary and compelling reasons," which it then updated in 2018. *See United States v. McCoy,* 981 F.3d 271, 276 (4th Cir. 2020). The Commission updated this policy statement in 2021 and it was codified as U.S.S.G. § 1B1.13. Shortly after the Commission issued its 2018 policy statement for BOP-filed

motions, Congress passed the First Step Act of 2018, significant legislation signed by the President, which "amended § 3582(c)(1)(A) to remove the Bureau of Prisons from its former role as a gatekeeper over compassionate release petitions . . . and provide[d] that defendants now may file motions for sentence modifications on their own behalf, so long as they first apply to the BOP." *Id.* (cleaned up). It is proper to conclude that one reason Congress expanded the authority of district judges to reduce sentences is based on inequities that arise when there are subsequent changes in the law. Congress in fact reduced drug penalties in recent legislation. If sentenced today Stuckey would receive a lower sentence in light of these changes in the law. Title 18, U.S.C. § 3582(c)(1)(A) provides for a reduction under previous law or sentencing guidelines that dictated higher sentences. Stuckey is eligible for such a reduction based on this change in the law, again, passed by Congress and signed into law by the President. However, the First Step Act's modifications to § 3582(c)(1)(A) did not define "extraordinary and compelling reasons" in the context of the newly permissible defendant-filed motions. *Id.* Instead, the discretion to define "extraordinary and compelling reasons" remained with the Sentencing Commission via the issuance of policy statements. *Id.*; *see also* 28 U.S.C. § 994(t).

Following the passage of the First Step Act, the Sentencing Commission did not immediately issue a new policy statement or revise § 1B1.13 to address the basis for establishing "extraordinary and compelling reasons" in defendant-filed compassionate release motions. *See McCoy,* 981 F.3d at 276. In the interim, circuit courts, including the United States Court of Appeals for the Fourth Circuit, held that

the second prerequisite for relief under § 3582(c)(1)(A) "does not constrain the discretion of district courts" because, "[a]s of now, there is no Sentencing Commission policy statement 'applicable' to the defendant's compassionate-release motions [.]" *Id.* Accordingly, the Fourth Circuit held "that district courts need not conform" their analysis of whether a defendant has established "extraordinary and compelling reasons" for release to the grounds set forth in the pre-First Step Act version of § 1B1.13, since, by its terms, it only applied to BOP-filed motions. *Id.* at 283. Thus, the Fourth Circuit held that, until the Sentencing Commission issued a new, applicable policy statement, "district courts [were] 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021).

However, on April 27, 2023, the Commission submitted proposed amendments to the Sentencing Guidelines to Congress. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254 (May 3, 2023) (providing notice of amendments to Congress). As relevant here, one of these amendments sought to amend the Commission's policy statement in § 1B1.13 in order to specifically define the grounds for establishing "extraordinary and compelling reasons" in defendant-filed compassionate release motions. *See* U.S.S.G. § 1B1.13 (2023 ed.). On November 1, 2023, the proposed amendments went into effect, an amended version of § 1B1.13 was issued, and it is now an "applicable policy statements issued by the Sentencing Commission" under § 3582(c)(1)(A), since it now accounts for defendant-filed motions.

Thus, the policy statement set forth in the amended version of § 1B1.13 now governs this Court's review of defendant-filed § 3582(c)(1)(A) motions. *Id.*; *see also United States of America v. Avaun Johnson*, No. CR ELH-14-0429, 2023 WL 8090628, at *6 (D. Md. Nov. 21, 2023) ("the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)").

Section 1B1.13 now identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence. § 1B1.13(b)(1)–(6). They are: (1) certain medical circumstances of the defendant, such as terminal illness or the inability to receive specialized medical care while incarcerated, (2) the defendant's age and conditions related to his age, (3) the defendant's family circumstances, (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the defendant received an "unusually long sentence," and (6) "any other circumstances or combination of circumstances . . . similar in gravity to" the circumstances "described in paragraphs (1) through (4)." *Id.* Additionally, § 1B1.13(c) of the Policy Statement now specifies that, "[e]xcept as provided in subsection (b)(6)," which concerns an "unusually long sentence," "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."

Nonetheless, "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under [the Policy Statement], a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.* Lastly, § 1B1.13(d) of the policy statement limits the weight a court may assign to a defendant's rehabilitation while serving a sentence, is also relevant, providing that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.*

Stuckey's motion was filed before the enactment of the Sentencing Commission's new policy statement on November 1, 2023. In light of the filing date, the Court will analyze Stuckey's arguments for establishing "extraordinary and compelling reasons" under the pre-policy statement broader standards for § 3582(c)(1)(A) motions established in *McCoy*. That standard allows the Court to evaluate "*any* extraordinary and compelling reason for release that a defendant might raise." *McCoy,* 981 F.3d at 284. Regardless of which standard applies, both provide for a reduction in sentence based on changes in the law or sentencing guidelines that reduce sentencing penalties. After conducting this analysis, the Court will evaluate whether a reduction in Stuckey's sentence is consistent with the § 3553(a) sentencing factors.

## DISCUSSION

### I. The Parties' Arguments

Before addressing the merits of Stuckey's motion for compassionate release, the Court will first analyze the arguments put forth by both Stuckey and the Government in their various motions, responses, and replies. *See* ECF Nos. 1209, 1211, 1217, 1228, 1224, & 1246.

#### A. Defendant's arguments for compassionate release

In his initial filing, Stuckey sought relief under 18 U.S.C. § 3582(c)(1)(A) on grounds that his medical conditions, namely, morbid obesity, made him especially vulnerable to becoming seriously ill from Covid-19. ECF No. 1206 at 1. After the Government filed its response to his motion, Stuckey filed a reply raising the additional argument for relief, specifically, that if he were sentenced today, his applicable statutory minimum sentence would be lower because one of his prior drug convictions would no longer qualify as an enhancing § 851 conviction under § 401 of the First Step Act. ECF Nos. 1217 at 2–5. Specifically, Stuckey claims that his 1994 conviction for distribution of unlawful drugs would no longer qualify as an § 851 predicate today because he did not serve more than a year in custody.[5] *Id.* at 4.

Thereafter, Stuckey then filed a Notice of Supplemental Authority, ECF No. 1244, in which he contends that, pursuant to the Fourth Circuit's holding in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), he would not be a career offender if

---

8#Vwxfnh|Ŵv#4<<7#guxj#frqylfwlrqv#zrxog#qrw#frxqw#dv#Wlwdh#54#X1V1F1#.#;84#hqkdqflqj#frqylfwlrqv1# Krzhyhu/#klv#5336#guxj#frqylfwlrqv#zrxog#frxqw#dv#hqkdqflqj#frqylfwlrqv#xqghu#.#;84#dv#kh#vhuyhg# pruh#wkdq#rqh#|hdu1#Zkhq#ruljlqdoo|#vhqwhqfhg#Vwxfnh|#idfhg#d#pdqgdwru|#plqlpxp#vhqwhqfh#ri#53# |hduv1#Wrgd|#kh#zrxog#idfh#d#pdqgdwru|#vhqwhqfh#ri#48#|hduv#edvhg#rq#wkh#5336#frqylfwlrqv1##

sentenced today. Stuckey correctly asserts, and the Government agrees, that, in light of changes in the law, his 21 U.S.C. § 846 conspiracy conviction is no longer characterized as a controlled substance offense for career offender purposes. ECF No. 1244 at 2. Stuckey takes the position that § 3582(c)(1)(A) provides a basis for a reduction in his sentence.

## B. The Government's Position on Compassionate Release

The Government opposed Stuckey's initial motion for a reduction, asserting (1) that Stuckey's Covid concerns are no longer an issue because he is now fully vaccinated, (2) the enhancement of Stuckey's statutory minimum sentence pursuant to § 851 does not amount to an "extraordinary and compelling reason" for a sentence reduction because the First Step Act does not lower his U.S.S.G. guidelines range, and (3) that Stuckey poses a risk, and (4) the § 3553(a) factors weigh against release. ECF Nos. 1211, 1228.

Thereafter, the Government filed a supplemental response, ECF No. 1246, addressing Stuckey's assertion that he is no longer appropriately characterized as a career offender. Notably, as stated, the Government now takes the position in this filing that Stuckey "would no longer be a career offender if sentenced today" citing the Fourth Circuit's decision in *United States v. Whitley*, 737 F. App'x 147 (2018). ECF No. 1246 at 1. Agreeing with Stuckey, the Government acknowledges that a conspiracy conviction under 21 U.S.C. §846 is no longer a controlled substance offense as defined by the Guidelines in § 4B1.2. *Id.* Accordingly, the Government concedes that as Stucky was convicted of conspiring to possess with intent to distribute in

violation of 21 U.S.C. § 846, if sentenced today, he would not be subject to career offender guideline sentence under U.S.S.G. § 4B1.1. The Government acknowledges that this change in the law provides for a basis to reduce Stuckey's sentence.

Based on this development in the law, the Government acknowledged that Stuckey's guidelines range, if sentenced today, would be 188-235 months imprisonment. This guideline range is well below the previous guideline range that applied when Stuckey was originally sentenced. That range was 360 months to Life imprisonment. Stuckey was sentenced to 360 months (30 years). It is appropriate to note the Government now takes the position that "a reduction in sentence may be warranted." ECF No. 1246 at 3.

## II. THE COURT'S REVIEW

The Court's review will first begin with a determination of whether Stuckey has met the "extraordinary and compelling reasons" standard before turning to an analysis of the relevant § 3553(a) factors.

### A. EXTRAORDINARY AND COMPELLING REASONS

As noted above, Stuckey has set forth multiple grounds which he believes are "extraordinary and compelling" reasons warranting a sentence reduction: including (1) the impact of COVID-19 at his facility; (2) the way that the BOP is managing the pandemic at its facilities, (3) his physical and medical conditions in light of COVID-19, and (4) the fact that, if sentenced today, he would no longer be a career offender. The Court has carefully reviewed each of the grounds asserted by Stuckey. As both Stuckey and the Government state that the impact of his career offender designation

may be grounds for relief, the Court finds it appropriate to briefly address the other arguments raised by Stucky before moving to an analysis of the career offender designation.

### i. <u>WHETHER COVID-19 PRESENTS AN EXTRAORDINARY AND COMPELLING REASON WARRANTING A REDUCTION IN STUCKEY'S SENTENCE</u>

Dv#qrwhg/#Vwxfnh|Ŵv#prwlrq#zdv#ruljlqdoo|#edvhg#vroho|#rq#wkh#dujxphqw#wkdw# wkh#wkuhdw#ri#Frylg04<#lqihfwlrq/#frxsohg#zlwk#klv#rehvlw|/#suhvhqwhg#dq# h{wudruglqdu|#dqg#frpshoolqj#uhdvrq#zduudqwlqj#klv#uhohdvh1#HFI#Qr1#453<#dw#9Ù<1# Lq#klv#uhso|/#Vwxfnh|#ixuwkhu#dujxhv#wkdw#wkh#sodfh#ri#klv#lpsulvrqphqw/#IFL#Frohpdq# Orz/#lv#xqdeoh#wr#frqwuro#wkh#vsuhdg#ri#Frylg04<#dprqj#wkh#lqpdwh#srsxodwlrq1#Lg1#dw# 81##

Wkh#Frxuw#wdnhv#qrwh#wkdw#ERS#phglfdo#uhfrugv#uhiohfw#wkdw#Ghihqgdqw#uhfhlyhg# wkh#Frylg04<#ydfflqh#lq#Dsulo#ri#53541#HFI#Qr1#455;Ù41#Dowkrxjk#wkh#Irxuwk#Flufxlw# kdv#vr#idu#idlohg#wr#hvwdeolvk#d#shu#vh#uxoh#wkdw#dydlodelolw|#ri#wkh#ydfflqh#suhfoxghv# frpsdvvlrqdwh#uhohdvh/#wkh#Frxuw#frqvlghuv#lw#dv#d#idfwru#wkdw#zhljkv#djdlqvw#uhohdvh1# Vhh#Xqlwhg#Vwdwhv#y1#Ohprqv/#48#I17wk#:7:/#:84#9wk#Flu1#5354,#+kroglqj#h{wudruglqdu|# uhdvrqv#qrqh{lvwhqw#zkhq#wkh#Frylg04<#ydfflqh#lv#dydlodeoh#wr#wkh#ghihqgdqw,>#vhh#dovr# Xqlwhg#Vwdwhv#y1#Mdphv/#Qr1#540:4:</#5355#ZO#5876643/#dw#-4#7wk#Flu1#Dxj1#4;/#5355,# +diiluplqj#wkh#glvwulfw#frxuwŴv#ghqldo#ri#d#ghihqgdqwŴv#prwlrq#iru#frpsdvvlrqdwh#uhohdvh# zkhuhlq#wkh#glvwulfw#frxuw#flwhg#hylghqfh#wkdw#wkh#ydfflqhv#duh#hiihfwlyh#lq#uhgxflqj# wkh#ulvn#ri#vhyhuh#loohvv#ru#ghdwk#iurp#Frylg04<,1##

Wkh#Jryhuqphqw#frqwhqgv#wkdw#ŠGhihqgdqwŴv#phglfdo#frqglwlrq#lv# dssursuldwho|#pdqdjhg#dw#wkh#idflolw|#zklfk#lv#dovr#hqjdjhg#lq#vwuhqxrxv#hiiruwv#wr#

#

surwhfw#lqpdwhv#djdlqvw#wkh#vsuhdg#ri#FRYLG04</#dqg#zrxog#dovr#dfw#wr#wuhdw#dq|# lqpdwh#zkr#grhv#frqwudfw#FRYLG04<1õ#IFI#Qr1#4544#dw#k1#Wkh#Frxuw#djuhhv1#Wkh#ERS# pdlqwdlqv#d#zhevlwh#ghwdlolqj#wkh#qxpehu#ri#grvhv#ri#wkh#FRYLG04<#ydfflqh#lw#kdv# uhfhlyhg#dqg#dgplqlvwhuhg1#Vhh#FRYLG04<#Ydfflqh#Lpsohphqwdwlrq/#Ihghudo#Exuhdx# ri# Sulvrqv/# kwwsv=22zzz1ers1jry2frurqdyluxv2frylg4<bvwdwlvwlfv1kwpo# +odvw# ylvlwhg# Mdqxdu|#43/#5357,#+vkrzlqj#wkh#ERS#kdv#ydfflqdwhg#87;<#lqpdwhv#dw#IFL#Frohpdq# Orz,1#Dffruglqj#wr#wklv#zhevlwh/#:8:#hpsor|hhv#ri#IFL#Frohpdq#kdyh#ehhq#ixoo|# ydfflqdwhg/#dv#zhoo#dv#8/7;<#lqpdwhv1#Lg1#Dgglwlrqdoo|/#Šlqpdwhv#kdyh#ehhq#riihuhg# dgglwlrqdo#errvwhu#vkrwv#lq#dffrugdqfh#zlwk#FGF#jxlgdqfhõ#dqg#wkh#deryh#uhihuhqfhg# iljxuhv#gr#qrw#lqfoxgh#dq|#dgglwlrqdo#errvwhu#vkrwv#jlyhq1#Lg1##

Wkh#uhvxow#ri#wkh#ERSŮv#ydfflqh#glvwulexwlrq#hiiruwv#kdv#ehhq#hiihfwlyh#lq# dgguhvvlqj#FRYLG04<1#Wkh#Frxuw#frqfoxghv#wkh#orz#lqihfwlrq#udwhv#dqg#kljk#uhfryhu|# udwhv#duh#gxh/#lq#pxfk#uhvshfw/#wr#wkh#ERSŮv#vwuhqxrxv#hiiruwv#wr#surwhfw#lqpdwhv# djdlqvw#Frylg04<#+lq#sduw/#wkurxjk#ydfflqdwlrq,#dqg#wkh#phglfdo#wuhdwphqw#surylghg# wr#lqihfwhg#lqpdwhv1##

Iru#wkhvh#uhdvrqv/#wkh#Frxuw#frqfoxghv#wkdw#Vwxfnh|#kdv#idlohg#wr#ghprqvwudwh# wkdw#wkh#lpsdfw#ri#FRYLG04<#zduudqwv#d#vhqwhqfh#uhgxfwlrq#lq#oljkw#ri#wkh#odfn#ri# FRYLG04<#dprqj#wkh#lqpdwh#srsxodwlrq#dw#IFL#Frohpdq#Orz/#Vwxfnh|Ův#ixoo# ydfflqdwlrq#zlwk#wkh#Sil}huŒElrQwhfk#ydfflqh/#dqg#wkh#vxffhvvixo#ydfflqdwlrq#hiiruwv# ri#wkh#ERS1##

#

#

#

## II. WHETHER CHANGES TO §851'S REQUIREMENTS FOR PRIOR CONVICTIONS ENTITLE STUCKEY TO RELIEF UNDER §3582(C)(1)(A)

Q h{w/#Vwxfnh|#dujxhv#kh#lv#hqwlwohg#wr#frp sdvvlrqdwh#uhohdvh#ehfdxvh/#li#kh# z huh#vhqwhqfhg#wrgd|/#klv#dssolfdeoh#vwdwxwru|#p lqlp xp #vhqwhqfh#z rxog#eh#orz hu# ehfdxvh#klv#4<<7#frqylfwlrqv#z rxog#qr#orqjhu#txdoli|#dv#dq#hqkdqflqj#.#;84#frqylfwlrq# xqghu#.#734#ri#wkh#I luvw#Vwhs#D fw1#H F I#Q rv1#454:#dw#5Ù81#Wkh#F rxuw#frqfoxghv#wkdw# wkh#fkdqjhv#wr#.#;84Ŏv#uhtxluhp hqwv#iru#sulru#frqylfwlrqv#wr#txdoli|#dv#suhglfdwhv#grhv# qrw#hqwlwoh#Vwxfnh|#wr#uholhi#xqghu#68;5+f,+4,+D,1#Wklv#lv#ehfdxvh#Vwxfnh|Ŏv#vhqwhqfh# lv#qrw#edvhg#vwulfwo|#rq#wkh#.#;84#hqkdqfhp hqw#exw/#udwkhu/#klv#vwdwxv#dv#d#F duhhu# R iihqghu/#z klfk#wkh#F rxuw#z loo#dgguhvv#vhsdudwho|1###

Wkh#F rxuw#dfnqrz ohgjhv#wkdw#Vwxfnh|#lv#fruuhfw#wkdw#wkh#I luvw#Vwhs#D fw# p rglilhg#wkh#p dqgdwru|#p lqlp xp #kh#idfhg#iurp #53#|hduv#wr#48#|hduv1#K rz hyhu/#wkh# I luvw#Vwhs#D fw#glg#qrw#uhgxfh#Vwxfnh|Ŏv#jxlgholqh#udqjh1#K lv#jxlgholqh#udqjh#ri#693# p rqwkv#wr#Olih#z dv#orqjhu#wkdq#wkh#53#|hdu#vwdwxwru|#p lqlp xp 1#D v#wkh#J ryhuqp hqw# fruuhfwo|#srlqwv#rxw/#wkh#F rxuw#kdv#douhdg|#dgguhvvhg#wkh#dssolfdelolw|#ri#wkh#I luvw# Vwhs#D fw#wr#Vwxfnh|Ŏv#vhqwhqfh1#Lq#I heuxdu|#ri#534</#Vwxfnh|#ilohg#d#p rwlrq#wr#uhgxfh# klv#vhqwhqfh1#H F I#Q r1#44;41#Lq#wkdw#p rwlrq/#Vwxfnh|#shwlwlrqhg#wkh#F rxuw#Šwu|lqj#wr# vhh#z khwkhu#ru#qrw#dq|#sduw#ri#p |#fdvh#txdolilhv#iru#uholhi#xqghu#wkh#qhz #I luvw#Vwhs# D fwŌ#Lg1#Wkh#F rxuw#uhvsrqghg#wr#Vwxfnh|Ŏv#p rwlrq#z lwk#wkh#iroorz lqj#wh{w#rughu=#

> WH[W#RUGHU#ghq|lqj#44;4#P rwlrq#wr#Uhgxfh#Vhqwhqfh1# G hihqgdqw#ilohg#d#p rwlrq#Šwr#vhh#z khwkhu#ru#qrw#dq|#sduw#ri#^klv`# fdvh#txdolilhv#iru#uholhi#xqghu#wkh#qhz #I luvw#Vwhs#D fw1%#Wkh#I luvw# Vwhs#D fw#p dgh#uhwurdfwlyh#wkh#I dlu#Vhqwhqflqj#D fw*v#fkdqjhv#wr# wkh#dp rxqw#ri#fudfn#frfdlqh#wkdw#lv#uhtxluhg#wr#wuljjhu#fhuwdlq# p dqgdwru|#p lqlp xp #shqdowlhv1#Wkh#I dlu#Vhqwhqflqj#D fw#z hqw# lqwr#hiihfw#rq#D xjxvw#6/#5343/#z hoo#ehiruh#G hihqgdqw*v#vhqwhqflqj# rq#G hfhp ehu#7/#53451#Wkxv/#wkh#I luvw#Vwhs#D fw#kdv#qr#dssolfdwlrq#

#

khuh#ehfdxvh#wkh#surylvlrqv#ri#wkh#Idlu#Vhqwhqflqj#Dfw#zhuh#
douhdg|#dssolfdeoh#dw#klv#vhqwhqflqj1#Vljqhg#e|#wkh#Krqrudeoh#
Whuu|#O1#Zrrwhq#rq#72562534<1#

#

HFI#Qr1#44;81#Wkh#Frxuw#kdv#wkxv#suhylrxvo|#khog#wkdw#wkh#Iluvw#Vwhs#Dfw#kdv#qr#dssolfdwlrq#wr#Vwxfnh|Ŭv#vhqwhqfh1#Kh#zdv#vhqwhqfhg#diwhu#wkh#Idlu#Vhqwhqflqj#Dfw#ehfdph#odz1#Wkh#Iluvw#Vwhs#Dfw/#zklfk#pdgh#wkh#Idlu#Vhqwhqflqj#Dfw#uhwurdfwlyh/#surylghv#qr#edvlv#iru#uholhi1#Wkh#Frxuw#zloo#qrz#wxuq#wr#dq#dqdo|vlv#ri#Vwxfnh|Ŭv#dujxphqw#uhjduglqj#klv#ghvljqdwlrq#dv#d#fduhhu#riihqghu1##

III. <u>Stuckey's Career Offender Designation</u>

As addressed above, the Government concedes, citing *United States v. Whitley*, 737 F. App'x 147, 149 (4th Cir. 2018), that a conspiracy conviction under 21 U.S.C. § 846 is no longer a controlled substance offense as defined by the Guidelines in § 4B1.2. ECF No. 1246. Many additional cases since *Whitley* have reached that same conclusion. Pertinent here, Stuckey was convicted in federal court of conspiring to possess with intent to distribute cocaine and crack cocaine, in violation of § 846. ECF No. 767. Title 21, United States Code § 846 conspiracy convictions are no longer predicate convictions for the purposes of career offender status, as set forth in § 4B1.1. Again, Stuckey is no longer a career offender under U.S.S.G. § 4B1.1.

The impact of Stuckey's career offender status was significant at the time he was originally sentenced. At that time, Stuckey's total offense level was 37, and his criminal history category was elevated from III to VI as he was a career offender. PSR ¶ 104. Placement in criminal history category VI, coupled with a total offense level of 37, generated a guideline imprisonment range, as noted, of 360 months to Life. *Id.*

#

Stuckey was sentenced to 360 months (30 years) imprisonment. ECF No. 767. The Government now asserts that, in light of aforementioned changes in the law, if Stuckey were sentenced today he would face a significantly lower guidelines imprisonment range of 188 – 235 months (15.6 – 19.6 years). ECF No. 1246. This guidelines range is based on a criminal history category of III, and a total offense level of 34. *Id.* The Government also notes that Stuckey would be "subject to a mandatory minimum sentence of 15 years due to the drug convictions listed in paragraph 48 of the PSR." ECF No. 1246 at 2. This is relevant, as Stuckey was initially subject to a mandatory minimum term of imprisonment of 20 years. PSR ¶ 103. However, the impact of Stuckey's designation as a guidelines career offender was significant. That designation resulted in a sentence that is considerably longer than that which he would face if sentenced today.

The Court finds Stuckey's argument, and the Government's position, persuasive. Applying the standard set forth in *McCoy*, 981 F.3d 271, the Court notes the significant difference as outlined in the previous paragraph, between the guidelines range applicable to Stuckey at the time of sentencing and the range that would apply if he were sentenced today. The Court finds that Stuckey, based on caselaw, has established an "extraordinary and compelling reason" that a reduction under § 3582 is appropriate. The Court will conduct an analysis of the relevant § 3553(a) factors.

## B. THE COURT'S REVIEW OF THE § 3553(A) FACTORS

As Stuckey has established an "extraordinary and compelling reason," the Court must now determine whether an analysis and balancing of the § 3553(a) factors supports a sentence reduction in this case.[6]

In conjunction with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense and Stuckey's criminal history. The instant offense conduct is outlined in Paragraphs 8–36 of the PSR. The Court incorporates these paragraphs in this order by reference. Stuckey admitted his conduct in a guilty plea to the conspiracy drug charge he faced. ECF No. 627. The offense conduct arose out of a conspiracy to distribute drugs in Bennettsville, South Carolina. Stuckey was involved with the conspiracy as a local drug dealer. PSR at ¶36. Ultimately, he was held accountable for 1,192.2 grams of crack cocaine and one ounce of powder cocaine. *Id.*

This Court has considered each of the § 3553(a) factors, though one factor warrants additional discussion: § 3553(a)(6), which acknowledges "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Again, the guideline range that would apply today in Stuckey's case is a sentence of 188-235 months. By sentencing Stuckey in or near the range which applies today, the Court avoids sentencing disparity between defendants convicted of the same offense who have similar offense conduct and similar records. This is the primary basis that this Court concludes warrants a sentence reduction – to avoid unwanted sentencing disparity. This is the primary

---

[9]#Wkh#Frxuw#kdv#frqvlghuhg#wkrvh#idfwruv#lq#oljkw#ri#wkh#˛68;5#lvvxhv#qrw#lq#sod|#dw#wkh#ruljlqdo# vhqwhqflqj1#Nleeoh#dw#668#+Juhjru|/#F1M1/#frqfxuulqj,1#

position asserted by Stuckey for a reduction which the Government acknowledges may constitute grounds for relief.

In determining what an appropriate sentence is in this case, the Court has carefully considered the nature and circumstances of Stuckey's instant offense along with his history and characteristics. The Court notes that Stuckey was a drug dealer who involved himself in a conspiracy to distribute drugs. Further, Stuckey was previously convicted of various offenses, including drug offenses, before the federal offense. PSR at ¶¶43–61. Notably, the sentencing guidelines applicable to Stuckey do not reflect violence was involved in connection with the federal conviction. His prior record does not include violent offenses. While the Court finds it is appropriate to reduce Stuckey's sentence based on the significant change in the sentencing guidelines that would apply today, the nature and circumstances of Stuckey's instant federal offense, coupled with his criminal history still demands that Stuckey serve a significant sentence.

Wkh#Frxuw#frqfoxghv#wkdw#wkh#uhohydqw#˛#6886+d,#idfwruv#vxssruw#d#vhqwhqfh# uhgxfwlrq#iru#Vwxfnh|#dv#4,#kh#glg#qrw#frpplw#d#ylrohqw#riihqvh/#5,#kh#grhv#qrw#kdyh# ylrohqw#frqylfwlrqv#rq#klv#uhfrug/#dqg#6,#kh#zloo#vwloo#eh#uhtxluhg#wr#vhuyh#d#vljqlilfdqw# sulvrq#vhqwhqfh1#Lq#vxppdu|/#wkh#Frxuw#frqfoxghv#wkdw#lw#lv#dssursuldwh#wr#judqw# Vwxfnh|Ũv#uhtxhvw#iru#d#vhqwhqfh#uhgxfwlrq#xqghu#˛#6;5+f,+4,+D,1##

## CONCLUSION

Stuckey has met his burden of establishing "extraordinary and compelling reasons." A detailed analysis of the § 3553(a) factors favor Stuckey's request for relief.

Stuckey is a drug offender whose conduct does not involve violence. He was sentenced to a significant term of imprisonment based on his career offender status. In light of recent decision by the Fourth Circuit relating to § 846 convictions, Stuckey would not be a career offender if sentenced today. Again, this is the most significant factor that warrants a reduction for the reasons stated in this order. Accordingly, for the reasons discussed above, the Court **GRANTS** Stuckey's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

The Court concludes that a sentence of two hundred forty (240) months is now appropriate in this case. His guideline range, if sentenced today, would be 188-235 months, as opposed to 360 months to Life. Based on Stuckey's prior drug convictions the Court concludes under Section 3582, a sentence is not required to be within the applicable guideline range if sentenced today. Section 3582 does not mandate a sentence within the now applicable guideline range. Based on Stuckey's prior drug convictions and crack cocaine attributed to him the appropriate sentence in his case is 240 months (20 years). Stuckey was an offender of significance with prior drug conduct on his record. His conduct as a drug dealer warrants a significant sentence. Again, the court concludes that a two hundred forty (240) month sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing. Except as otherwise provided, all other provisions of the judgment dated December 7, 2012 shall remain in effect.[7]

**IT IS SO ORDERED.**

:#Vwxfnh|#zlo#ehjlq#d#whq#43,#|hdu#shulrg#ri#vxshuylvhg#uhohdvh#iroorzlqj#klv#uhohdvh#iurp#sulvrq1##

#

                                            *s/ Terry L. Wooten*
                                            Terry L. Wooten
                                            Senior United States District Judge

January 31, 2024
Columbia, South Carolina